## BARON v STATE OF FLORIDA
### Case No. 88-0024-CA-AP (County Court Case No. 88-4574-A)
Seventh Judicial Circuit, Volusia County

August 30, 1989

### APPEARANCES OF COUNSEL

Office of the State Attorney, for appellee.

### OPINION OF THE COURT

R. MICHAEL HUTCHESON, Circuit Judge.

THIS COUNTY COURT appeal was originally assigned to Circuit Court Judge Robert Miller in August, 1988, but on December 6, 1988, Judge Miller recused himself as he was the elected Public Defender at the time was represented by the Public Defender's Office in December, 1973.

Subsequently, the Chief Judge reassigned the County Court appeal to this Judge.

This Court has reviewed the two (2) volumes of the record on appeal and the Appellant/Defendant's brief on appeal and the Appellee/State has not filed its brief.

It is noted by Order of July 12, 1989, the State was given thirty (30)

days from that date to file its brief, but as of the date this Court has dictated this Opinion, forty-two (42) days have passed without a brief from the State and this Court will proceed with its Opinion without an appellee's brief as the Appellant/Defendant would several weeks ago have been released from State Prison into their work program but for this County Court sentence that is the basis of this appeal.

A review of the County Court file, record on appeal, Appellant's brief, and other matters reveals the following chronological order of facts.

The defendant waived an attorney and represented himself and on December 18, 1973, was sentenced by County Judge Harrison Griffin to 364 days Volusia County Jail without credit for any time served following a guilty verdict by jury trial on a misdemeanor worthless check charge.

On December 20, 1973, the defendant was sentenced to two (2) five (5) year State Prison sentences concurrent to one another but silent as to any other prior sentences.

On January 7, 1974, the defendant was transported from the Volusia County Jail to the State Prison system pursuant to the State Prison sentence without mention of the December, 1973, County Jail sentence and without any commitment papers regarding same.

On February 5, 1974, the Public Defender's Office filed a notice of appeal on behalf of the defendant in reference to Judge Griffin's sentence of December 18, 1973, but there was no stay or suspension of his sentence nor was a supersedeas bond requested or posted.

On December 27, 1974, Circuit Judge James Nelson entered his opinion affirming Judge Harrison Griffin's sentence of December 18, 1973. It is to be noted, though, that no mandate was ever issued on Judge Nelson's opinion until some thirteen (13) years later.

In 1975 or 1976, the defendant was released from the State Prison system, but was not returned to Volusia County Jail as there had been no hold placed on him nor had they been notified of Judge Griffin's prior County Jail sentence.

On July 19, 1977, in Orange County, Florida, the defendant was . sentenced to six (6) years State Prison on felony charges.

On August 26, 1987, the Circuit Court Clerk's Office issues a mandate in reference to Judge Nelson's Order of December 27, 1974, affirming Judge Griffin's December, 1973 sentence of the defendant.

Pursuant to that mandate, Judge Griffin held an evidentiary hearing

22

to determine whether or not the defendant had served his sentence or should be remanded to custody and on July 18, 1988, Judge Griffin orders the defendant to start serving his 364 day sentence again without credit for any time served, which he had previously imposed on December 18, 1973. At said evidentiary hearing, the defendant testified that from the imposition of the original sentence in December, 1973, the defendant never got out of County Jail and had been transported from Volusia County Jail to the State Prison system pursuant to the State Prison sentence he received December 20, 1973. It is further noted at that hearing that by 1988, all Volusia County jail records relating to the defendant in 1973 and 1974 had been destroyed during routine purging of old records.

The issue raised by the defendant is his contention that he has completely served his 364 day sentence way back over the time period of 1973 and 1974 and that he should not have been ordered on July 18,1988, to start serving that sentence again without any credit. Judge Griffin, of course, had ruled on July 18, 1988, that defendant had failed to prove that he had already served his time some fourteen (14) to fifteen (15) years ago.

A review of the above chronological facts reflected by the Court file and record would indicate that if a mistake was made, it would have been made back in January, 1974, when the Volusia County Jail authorities transferred the defendant from County Jail to State Prison without taking into account that at that time he was under a County Jail sentence.

It is noted that Judge Griffin sentenced the defendant to 364 days Volusia County Jail without any credit on December 18, 1973, and on December 20, 1973, the defendant was sentenced to five (5) years State Prison without mention of the previously imposed County Jail sentence. Under the State Statute and application then as it is now, with the State Prison sentence being silent as to any prior sentences, the State Prison sentence would have had to have been served consecutively to the previously imposed County Jail sentence and it would seem that the County Jail authorities should have kept the defendant in County Jail until he had served his 364 day sentence before they sent him to State Prison. It is noted, of course, that defendant has no control whatsoever as to his transfer from County Jail to State Prison and it is further noted the records reflects that he never posted a supersedeas bond or got out of jail and spent time in either County Jail or State Prison from his original sentence by Judge Griffin on December 18, 1973, until he was released from State Prison sometime in 1975 or 1976.

23

This Court is of the opinion that on July 18, 1988, when Judge Griffin reaffirmed and reimposed his 364 day sentence without credit for any time served, which he had initially imposed on December 18, 1973, that even if the defendant had not legally served that sentence previously, at least as of July 18, 1988, Judge Griffin was obligated by the law to give him credit for the time he sat in jail, be it either County Jail or State Prison, from when the sentence was imposed on December 18, 1973, until he finally was released from any form of confinement in 1975 or 1976. It is again noted as previously noted that when the defendant was remanded to custody following the original sentence on December 18, 1973, there was no stay or suspension of that sentence and the defendant did not request a supersedeas bond nor was one set or posted and he stayed in County Jail from that date until he was transported to State Prison on January 7, 1974, pursuant to the subsequently imposed State Prison sentence and obviously he was in jail consistently from December 18, 1973, the date Judge Griffin imposed his 364 day sentence, for a period of time much longer than 364 days.

Accordingly, this Court finds that on July 18, 1988, when Judge Griffin reimposed his 364 day sentence without credit for any time served that he had originally imposed on December 18,1973, he erred by not giving the defendant credit for 364 days he had already spent in jail or State Prison following the original sentence imposed on December 18, 1973.

Accordingly, that portion of Judge Griffin's Order and resentencing of July 18, 1988, is reversed wherein he did not give the defendant credit for any time served as the defendant should have been given credit for 364 days served making that resentencing of July 18, 1988, to be a 364 day sentence in Volusia County Jail giving him credit for 364 days; in other words, a time served sentence.

The defendant has been representing himself pro se in this above-captioned appeal and as somewhat of an emergency situation exists for a quick resolution of this appeal as he apparently has been denied work release status from the State Prison because of this County Jail hold placed on him, this Court by this Opinion is directing the Florida Department of Corrections to release any hold they might have on the defendant because of the July 18, 1988 Order and sentence imposed and if the defendant otherwise would be entitled to be placed in a work release program that should be done as this Opinion now operates as to convert the July 18, 1988 resentencing of 364 days Volusia County Jail with no credit to a sentence of 364 days Volusia County Jail with credit for 364 days previously served; in other words, a time served

24

sentence and that sentence should not otherwise work as any bar to the defendant if he otherwise is entitled to a work release program.

Also, because of the emergency nature of this matter in reference to a work release program, this Court will not entertain any petition for a rehearing by the Appelle/State.

DONE AND ORDERED in Chambers at Daytona Beach, Volusia County, Florida, this 30 day of August, A.D., 1989.